SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    Email: denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 07-70238 |
|     Plaintiff, ) | [PROPOSED] ORDER OF DETENTION PENDING TRIAL |
| v. ) | |
| ORVELLE ROBINSON, ) | |
|     Defendant. ) | |

This matter came before the Court on May 10, 2007 for a detention hearing. The Defendant, Orvelle Robinson, was present and represented by Assistant Federal Public Defender Elizabeth Falk. Assistant United States Attorney Denise Marie Barton appeared for the United States of America.

Pretrial Services submitted a report to the Court that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will

reasonably assure the appearance of the Defendant as required, given his apparent lack of candor to Pretrial Sureties and current lack of sureties willing to post secured bonds. The Court also finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, in light of the Defendant's criminal history that includes violent and firearms-related offenses. Accordingly, the Court concludes that the Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the Court must consider in determining whether pretrial detention is warranted. These factors are:

(1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

(2)  the weight of the evidence against the person (§ 3142(g)(2));

(3)  the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the Defendant is accused of, *e.g.*, Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g), which carries a maximum penalty of 10 years imprisonment.

The second factor, the weight of the evidence, is considered the least important. The Bail Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991). Although the government made a proffer as to the weight of the evidence, the Court finds that even absent the proffered facts relating to the charged offenses, Defendant should be detained.

The Court further finds that the third factor, the history and characteristics of the defendant, and the fourth factor, the nature and seriousness of danger to the community, militate in favor of detention. The Pretrial Services Report confirms that the Defendant's employment status is not stable, and that he has an extensive criminal history, which includes felony

1  convictions for drug-related offenses, firearms-related offenses and violent crimes.
2      Accordingly, the Court finds by clear and convincing evidence that no condition or
3  combination of conditions of release will reasonably assure the safety of the community, and
4  finds by a preponderance of the evidence that no condition or combination of conditions of
5  release will reasonably assure the appearance of the Defendant as required.
6      Pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:
7      (1) the defendant be, and hereby is, committed to the custody of the Attorney General for
8      confinement in a corrections facility separate, to the extent practicable, from persons
9      awaiting or serving sentences or being held in custody pending appeal;
10     (2) the defendant be afforded reasonable opportunity for private consultation with his
11     counsel; and
12     (3) on order of a court of the United States or on request of an attorney for the
13     Government, the person in charge of the corrections facility in which the defendant is
14     confined shall deliver the Defendant to an authorized Deputy United States Marshal for
15     the purpose of any appearance in connection with a court proceeding.

17  DATED: May 15, 2007　　　　　　　　　　　　Respectfully submitted,
18  　　　　　　　　　　　　　　　　　　　　　　SCOTT N. SCHOOLS
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

20  　　　　　　　　　　　　　　　　　　　　　　 /S/ Denise Marie Barton
　　　　　　　　　　　　　　　　　　　　　　　DENISE MARIE BARTON
21  　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

22  SO ORDERED.

24  DATED:_____　　　　　　　　　　_____
25  　　　　　　　　　　　　　　　　　　　　　　ELIZABETH D. LAPORTE
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

[Proposed] Order of Detention Pending Trial - CR 07-70238

3