State of California- City of San Francisco

# SEARCH WARRANT AND AFFIDAVIT
## (AFFIDAVIT)

Off. Steve Benzinger #356 swears under oath that the facts expressed by him in the attached and incorporated Statement of Probable Cause, are true and that based there on he has probable cause to believe and does believe that the person(s), property, and/or thing(s) described below is/are lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and is/are now located at the locations set forth below. Wherefore, affiant requests that this Search Warrant be issued.

_(Signature of Affiant)_

NIGHT SERVICE REQUESTED:  YES ( )  NO ( X )

## (SEARCH WARRANT)

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICE OFFICER OR PEACE OFFICER IN THE CITY AND COUNTY OF **SAN FRANCISCO, CA.**; proof by affidavit having been made before me by Off. Steve Benzinger #356, that there is probable cause to believe that the property, person(s), and/or things described herein may be found at the locations set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by "X" (s) in that it:

| | |
|---|---|
| ___ | was stolen or embezzled |
| xxx | was used as the means of committing a felony |
| xxx | is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery. |
| xxx | tends to show that a felony has been committed or that a particular person has committed a felony. |
| ___ | tends to show that sexual exploitation of a child, in violation of P.C. section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18, in violation of P.C. section 311.11 has occurred or is occurring. |
| ___ | There is a warrant to arrest a person. |

**YOU ARE THEREFORE COMMANDED TO SEARCH:**

1) The premise located at 2914 Griffith St., in the City and County of San Francisco. This premise is a two story blue house with green trim, on the west side of Griffith between Jamestown Ave., and Ingerson Ave. The numbers "2914" are affixed to the front of the house just to the right of a gray metal gate.

2) The 1975 Chevrolet bearing California License plate "242MTH."

FOR THE FOLLOWING PROPERTY; PERSON(S); AND/OR THING(S):

See Exhibit A, attached hereto and incorporated by this reference.

AND IN THE CASE OF PROPERTY AND/OR THINGS, TO SEIZE IT/THEM IF FOUND and bring it/them forthwith before me, or this court, at the courthouse of this court. This Search Warrant and incorporated Statement of Probable Cause was sworn to as true and subscribed before me this 22d day of February, 2007, at 4:05 AM / PM. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

_(Signature of Magistrate)_

NIGHT SEARCH APPROVED  YES ( )  NO (X)

Judge of the Superior Court # _____  City and County of San Francisco, California.

(7/97)

STATE OF CALIFORNIA - CITY AND COUNTY OF SAN FRANCISCO
## RETURN TO SEARCH WARRANT

OFF. BENZINGER, being sworn, says that he/she conducted a search pursuant to the
(Name of San Francisco Police Officer)

below described search warrant:   Search Warrant/Case number: ▉▉▉▉▉

Issuing Magistrate: MORGAN

Magistrate's Court: Superior Court # 13, City and County of San Francisco.

Date of Issuance: 2/22/07
Date of Service: 2/22/07

and searched the following location (s), Vehicle (s), and person (s):
2914 GRIFFITH, 242 MTH

and seized the following items:
1 SAWED-OFF SHOTGUN
AMMUNITION
INDICIA
PHOTOGRAPHS

, further swear that this is a true and detailed account of all the property taken by me pursuant to the search warrant and that pursuant to Penal Code Sections 1528 and 1536 this property will be retained in my custody, subject to the order of this court or of any other court in which the offense in respect to which the seized property is triable.

Be advised that pursuant to California Penal Code Sections 1539 and 1540, you may file a written motion in the court of the above-named magistrate who issued the search warrant, seeking the return of the property seized pursuant to this warrant. For further information concerning this search warrant contact OFF. BENZINGER at telephone number 671-2300
        (Name of Officer)

_____
(Signature of Affiant)

Sworn to and subscribed before me this _____ day of _____, 2007

_____
(Signature of Magistrate)
Judge of the Superior Court
City and County of San Francisco
State of California

29T
2/22/07
4:10 PM

(7/97)

ORBN0039

Statement of Probable Cause of Officer Steve Benzinger

My name is Steve Benzinger. I am currently employed as a police officer in and for the city and county of San Francisco. I have been so employed for seven years. I am assigned to the plain clothes unit at Bayview Station. I have completed the following training:

1) 40 hour Drugs and Drug Influence Class
2) 40 hour Interview and Interrogation Class
3) 16 hour Search Warrant and Arrest Warrant Class
4) 8 hour Project Safe Neighborhood ATF seminar
5) 5 hour Gang Expert Testimony seminar
6) 76 hour Robert Pressley Institute of Criminal Investigation core course
7) 24 hour Call Analysis class

My duties include the enforcement of laws relating to narcotics crimes. I have testified in Superior Court as an expert in the possession for sale of controlled substances. I have been involved in hundreds of arrests for sale, possession for sale, and possession of controlled substances. I have observed more than two dozen drug transactions while conducting surveillance. I have interviewed more than 10 cooperative admitted drug users and dealers regarding the patterns and practices of drug dealers who sell from a house. I investigated over 25 cases involving residential drug dealers which resulted in the seizure of drugs after the service of a search warrant.

On 2/19/2007, officers responded to a homicide at 3rd and Gilman in the city of San Francisco, case# 070182882. Orvelle Robinson, FBI#592005HA5, was shot in the neck and back, but survived. Medical personnel at San Francisco General Hospital cut Robinson's pants off while treating him. Three .38 caliber bullets fell out of his pocket. Robinson was convicted of aiding and abetting an armed bank robbery in 1999, and given 97 months supervised release. Robinson was also convicted of manufacturing or delivering a controlled substance in 1992, and sentenced to 30 months. Robinson is therefore prohibited from possessing ammuntion. At the hospital, Robinson told several officers to check on his wife at 2914 Griffith, saying that "Someone may go there."

At the shooting scene, Off. Primiano #1953 searched Robinson's jacketm which had been removed by paramedics, and found a quantity of suspected cocaine salt in a plastic bag. This substance later tested positive for 13.32 grams net of cocaine salt. Robinson was arrested for possession for sale of cocaine and being a felon in possession of ammuntion. Officers searching the area also found a gun nearby. Robinson was not charged with possessing any firearms. Robinson was rebooked for possession for sale of cocaine and being a felon in possession of ammunition, court# 2304735.

I ran a computer check on Robinson and found that his DMV address is 727 Grafton as of 5/26/2005. Robinson also gave the police that address when he was arrested in Fairfield last year. He has three cars registered to him with an address of 2914 Griffith, one of which is a tan Chevy Blazer, with license plate "242MTH." Several of the cars are also registered to "Sarah Quarles." I ran a computer check on Quarles and found that she has a conviction for fraud over 10 years ago. Quarles' DMV history shows that she currently is registered to a post office box, but with a residence address of 2914 Griffith. I was unable to find out whether Quarles and Robinson are married. Quarles has numerous names, but no police reports listing her are in the computer. On 2/22/2007, Off. Aherne #1095 drove by 2914 Griffith and saw the vehicle bearing California license plate "242MTH" parked in front of the house.

Based on my training and experience, I know that people who illegally possess ammuntion

(7/97)

often have more at their house. I know that convicted felons who possess contraband often give the DMV and the police an incorrect address to avoid police detection. Therefore, I believe that 727 Grafton is not likely to be a location where Robinson stores contraband. Robinson is on federal probation, and is not likely to give his real address to the government, since he is subject to search by his federal probation officer.

Based on my training and experience, I believe that the 13.32 grams of cocaine salt were possessed by Robinson for the purpose of sale. Based on my training and experience, I know that drug dealers often possess firearms to protect themselves, and to shoot rivals. Based on my training, experience, observations, and the statements described above, I believe that the items listed in Exhibit A are currently located at 2914 Griffith. As of 2/22/2007, Robinson was still in custody.

Based on my training and experience I know that cocaine traffickers frequently own, maintain, and/or use automobiles under their control to transport cocaine to locations from which they conduct their trafficking operations. I know they will often use these vehicles to deliver quantities of cocaine to customers at locations away from where they maintain their cocaine supply.

Based on my training and experience, I know that persons involved in cocaine trafficking must involve themselves in a conspiratorial scheme involving many persons, from the individuals smuggling the cocaine into this country through several distributors to the ultimate consumer. Therefore, I know that members of the drug sales organization will maintain, at their residences and businesses, personal accounting records of money that they owe for the purchases of cocaine and that which is owed to them from the illicit sales of cocaine. Cocaine dealers often provide cocaine to their customers and "runners" on credit and they will keep accurate accounting records indicating the people who owe them money for cocaine. These records are commonly called "pay/owe" sheets.

Additionally, I know that cocaine traffickers will maintain at their residences documents listing the other members of the cocaine sales organization and that those documents will include telephone records, personal address books, personal correspondence and photographs depicting members of the cocaine distribution organization, and recordation of cocaine sales listing members of the organization.

Based on my training and experience, I know that persons who sell cocaine purchase it in bulk quantities, and maintain their supply at their residence as inventory for their customers. The seller then weighs out smaller amounts using a scale or other accurate measuring device. The seller then places these smaller amounts into plastic baggies, plastic packets, and other containers that the cocaine trafficker eventually resells for profit. The cocaine trafficker does this process in the privacy of his own home and/or another secure location to prevent being detected by law enforcement officers and/or to prevent robbery to rival drug sellers.

Based on my training and experience, I know that cocaine sellers often possess firearms such

(7/97)

as short-barreled shotguns and various types of assault rifles, and other weapons to protect their cocaine and currency from rival cocaine sellers and cocaine users. I know that cocaine sellers often possess ammuntion for these weapons.

Based on my training and experience, I know that persons who reside or are staying in a particular residence will often have in that residence documents or indicia which list their name and address. Documents such as personal telephone, address books, utility company receipts, keys, personal letters, and other articles of personal property would tend to establish residency.

I have investigated a number of cocaine traffickers. I know that it requires an organized hierarchy of both superiors and subordinates to traffic in cocaine. I know that persons who traffic cocaine often maintain one or more residences solely to accommodate the sales of cocaine. The cocaine trafficker will attempt to minimize the amount of people who know the locations of these houses. Commonly the cocaine trafficker will utilize one of the houses to accommodate the sale of cocaine to his customers and the other residence will be utilized as a safe storage location for the bulk quantity of his cocaine in addition to the larger quantities of profits the trafficker receives from he illicit trafficking of cocaine. This method of operation will prevent the seizure of the large amounts of cocaine and profits of the sales in the event the primary residence is entered and searched by law enforcement officers or raided by rival cocaine traffickers or cocaine users.

Based on my training and experience and the facts contained in this affidavit, it is my expert opinion that the suspect referred to in this affidavit is involved in on-going criminal conspiracy to distribute cocaine, and that in the furtherance of his/her cocaine trafficking, maintain their source of supply of cocaine at the above described residences.

Based on my training and experience and the information supplied in this affidavit, it is my expert opinion that the items described in Exhibit A, attached hereto and incorporated by reference herein, are currently located at the above designated premises, and, on the person, or in the vehicles described herein.

Based on my training and experience, I fully believe that the above listed paraphernalia is used in the illegal preparation, packaging, and sale of cocaine. It is my experience that the proceeds from illegal cocaine transactions are commonly retained on the premises, rather than deposited elsewhere, and thus, I request that the warrant additionally issue for all occupants discovered on the premises during the service of the warrant and all wallets, purses, billfolds, moveable or stationary banks or safes, any storage areas connected to the residence or any other receptacles where money or contraband may be hidden.

As part of this affidavit, I have discussed the merits of this case with the District Attorneys Office.

(7/97)

Wherefore, affiant prays that a search warrant be issued both for the search of the persons and premises above designated for the property or things above described and that such property be brought before a magistrate or retained as provided in Section 1536 of the California Penal Code.

Therefore, I request to search:

1) The premise located at 2914 Griffith St., in the City and County of San Francisco. This premise is a two story blue house with green trim, on the west side of Griffith between Jamestown Ave., and Ingerson Ave. The numbers "2914" are affixed to the front of the house just to the right of a gray metal gate.
2) The 1975 Chevrolet bearing California License plate "242MTH."

, (Affiant)

Sworn to and subscribed before me
On February 22, 2007

Judge of the Superior Court
in and for the City and County
San Francisco, California

(7/97)

ORBN0043

Cocaine, Sch II and Cocaine base, Sch.I, and narcotic paraphernalia, consisting in part of and including, "freebase" equipment, "freebasing" oils and solvents, small paper or "sno-seals", small plastic bags, balloons, cellophane wrap, cutting materials, including lactose, milk sugar, quinine, baking soda, and flour. Additional paraphernalia may include, mirrors, hypodermic needles, hypodermic syringes, razor blades, straws and small tubes, sieves, freebase pipes, strainers, scales and weighing devices. All documentary evidence as defined in California Penal Code 1524(f) including, all U.S. currency, buyer lists, seller lists, and records of narcotic trafficking activities including summary sheets, bank statements, canceled checks, deposit slips, check stubs, applications and receipts for cashiers checks, money orders, traveler's checks, journals, cash expenditure and receipt records; transaction records which reflect net worth expenditures, including loan applications, credit cards and related items, as well as other notes, papers and records which record nominee names, dates, amounts of narcotics and money and identities of narcotics supplies and customers. All articles of personal property tending to establish and document sales of cocaine, consisting in part, of articles of personal property tending to establish the identity of persons in control of premises, vehicles, storage areas or containers located at the subject premises where cocaine may be hidden. All vehicles, storage areas or containers located at the subject premises where cocaine may be hidden; all articles of personal property tending to establish the location of such premises, vehicles, storage areas or containers where cocaine may be found or secreted, consisting of and including but not limited to, utility bills and receipts, rent receipts, canceled mail envelopes and keys. All firearms and ammuntion commonly related to narcotics trafficking. All computers and related or similar devices, and information on hard or floppy drives, which may contain any documents or records described above. All property subject to forfeiture as defined in California Health and Safety Code 11469 et seq. (12/04).

(7/97)

ORBN0044