```
1  GEOFFREY ROTWEIN (CA SBN 58176)
   LAW OFFICES OF GEOFFREY ROTWEIN
2  400 Montgomery Street, Second Floor
   San Francisco, CA  94104
3  Facsimile: (415) 397-0862
   Telephone: (4l5) 397-0860
4
   Attorney for Defendant
5  ORVELLE ROBINSON
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ORVELLE ROBINSON,<br><br>　　　　Defendant. | No. C-07-0310 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE UNDER THE FOURTH AMENDMENT**<br><br>DATE: January 28, 2008<br>TIME: 10:00 a.m.<br>CTRM: 15, 18th Floor,<br>　　　Hon. Marilyn Hall Patel |

**I.**

**STATEMENT OF FACT**

**A. Initial Shooting Incident**

On February 19, 2007, at approximately 8:10 p.m., San Francisco Police Officers responded to a report of a shooting at Third and Gilman Streets in San Francisco. When they arrived, medical personnel were treating Defendant who had been shot. Officer Primiano was one of the officers and watched as the medical personnel removed Defendant's jacket and placed it on the ground. The Report of Investigation is attached to the Declaration of Geoffrey Rotwein as Exhibit A.

Primiano then picked up and searched the interior of the jacket without a warrant, finding a plastic baggie containing other plastic baggies of suspected narcotics in an inside pocket. The substance later tested positive for 13.32 grams of cocaine salt.

**B. Issuance of Search Warrant**

The above information along with the following information led to the issuance of a Search Warrant for the residence at 2914 Griffith Street in San Francisco. The Search Warrant, Return and Statement by Officer Steve Benzinger (Affidavit) are attached to the Declaration of Geoffrey Rotwein collectively as Exhibit B. The following pertinent information for probable cause purposes appears on the first page of the Affidavit:

(1) Defendant had been convicted of felonies of manufacturing/distributing controlled substances in 1992 and bank robbery in 1999, and was currently on federal probation;

(2) Defendant's DMV listed address was 727 Grafton as of May 26, 2005, which address he gave to police when he was arrested in 2006;

(3) Defendant had three vehicles registered in his name with address listed as 2916 Griffith, one being a Chevy Blazer with license plate 242MTH, and several of the vehicles were registered to a person named Sarah Quaries;

(4) Quaries' DMV records reflect a residence at 2914 Griffith;

(5) There was no information that Quaries and Defendant were married;

(6) On February 22, 2007, Officer Aherne saw the Chevy Blazer parked in front of 2914 Griffith; and,

(7) At the hospital following the shooting, three .38 caliber bullets fell out of Defendant's pocket and in addition he told several officers to check on his wife at 2914 Griffith, as "someone may go there."

Based on this information, Benzinger opined that Defendant gave a false address of 727 Grafton for two reasons: to avoid police detection because he was a felon on probation and thus wanted to avoid detection for possessing contraband and a search by his federal probation officer. Benzinger also opined that the 13.32 grams of cocaine were possessed by Defendant for purposes of sale, that drug dealers often possess firearms to protect themselves and that persons who possess ammunition typically have more at their residences. Exhibit B, Affidavit, page 2.

Based on Affidavit, on February 22, 2007, Hon. Mary Morgan, Judge of the San

1  Francisco Superior Court issued a Search Warrant for the search of 2914 Griffith Street.
2  Exhibit B, Search Warrant. The search of the residence produced indicia linking Defendant
3  and Quaries to the residence and a sawed off shotgun, shotgun rounds and a pay stub for
4  Defendant nearby. Exhibit A, page 2.

## II.

## EVIDENCE TO SUPPRESS

Defendant seeks to suppress the narcotics and baggies that were found in his jacket and the items found at 2914 Griffith Street, including the shotgun, the rounds, indicia and a pay stub, along with all other evidence that resulted from seizure of this evidence and the execution of the Search Warrant on February 22, 2007.

## III.

## WARRANTLESS SEARCH OF DEFENDANT'S JACKET

Searches conducted without prior approval by a judge or magistrate are *per se* unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. *Katz* v. *United States* (1967) 389 U.S. 347, 357; *Mincey* v. *Arizona* (1978) 437 U.S. 385, 390. The prosecution has the burden of establishing that a warrantless search falls within one of the exceptions. *Id*. The government cannot justify the warrantless search of Defendant's jacket and seizure of the contents.

Defendant had a reasonable expectation of privacy in his jacket that was removed from him by the paramedics. *United States* v. *Ramos-Oseguera*, 120 F.3d 1028, 1035-36 (9th Cir. 1997). Officer Primiano had no cause or justification to search the interior of the jacket without a warrant, and therefore the narcotics located therein contained in baggies should be suppressed.

Therefore, the narcotics located in the jacket should be suppressed.

///
///
///
///

IV.

## SEARCH WARRANT WAS ILLEGAL

### A. Information Should Be Excised

#### 1. Defendant Was Not on Probation

Officer Benziger incorrectly stated that Defendant was on federal probation at the time. It constituted a negligently or intentionally inclusion of inaccurate information.

In *Franks* v. *Delaware*, 439 U.S. 154 (1978), the Supreme Court recognized that as a corollary to the Fourth Amendment's requirement that search warrants issue only upon probable cause presented under oath to a neutral magistrate, courts may suppress evidence where the affiant intentionally or recklessly misrepresents facts to the magistrate. The Court further held that by presenting a "substantial preliminary showing" of such falsehoods, a defendant is entitled to a further evidentiary hearing to prove misrepresentations in the affidavit. *Id.*, at pp. 155-56.

The following principles have evolved over the years from judicial interpretation of *Franks*. First, "deliberate or reckless omissions of fact that tend to mislead" have been included in the prohibited conduct. *United States* v. *Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). Second, the court must consider the effect of all corrected and included facts cumulatively by reweighing the modified affidavit and then deciding whether probable cause still exists. *Id.*, at p. 782. Third, where an affidavit contains both misrepresentations and omissions, the court should "delete the false or misleading statements and insert the omitted truths." *United States* v. *Ippolito*, 774 F.2d 1482, 1487 (9th Cir. 1985). Fourth, officers who provide information to the search warrant affiant are treated in like fashion and no less stringently as the affiant for purposes of the *government's* obligation to truthfully recite facts and include all relevant information. *United States* v. *Johns*, 851 F.2d 1131, 1133-34 (9th Cir. 1988).

Indeed, the Supreme Court in *United States* v. *Leon*, 468 U.S. 897 (1984), recognized that the good faith exception to the exclusionary rule requires an analysis of the conduct of <u>all</u> officers involved in the investigation, not just the affiant. *Id.* at p. 946, fn. 24. The remedy

for the court reviewing the search warrant is to excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate probable cause to issue a warrant. *United States* v. *Driver*, 776 F.2d 807 (9th Cir. 1985).

Therefore, an evidentiary hearing should be ordered.

### 2. Narcotics Located in Defendant's Jacket

Since the location of narcotics found in Defendants' jacket was *seized* illegally under the Fourth Amendment, its inclusion in the Affidavit should be excised. *Wong Sun* v. *United States*, 371 U.S. 471 (1963); *United States* v. *Vasey*, 834 F.2d 782, 788 (9th Cir. 1987). In addition, the opinions by Benzinger that Defendant possessed the narcotics for purposes of sale, that drug dealers often possess firearms to protect themselves and the other opinions that Defendant possessed contraband and evidence showing crime at 2914 Griffith must be excised. Affidavit, pp. 2-3.

### B. Insufficient Probable Cause that Defendant Resided at 2914 Griffith

Defendant listed his residence at 727 Grafton, and gave this address to police when arrested in 2006. Defendant submits that even with the evidence that he had vehicles registered to 2914 Griffith, mentioned his wife Sarah Quaries at 2914 Griffith, and one of his registered vehicles was seen in front of 2914 Griffith, there was insufficient probable cause to believe that he resided there.

### C. Revised Affidavit Lacks Probable Cause

Probable cause is a "'practical, non-technical conception.'" *Illinois* v. *Gates*, 462 U.S. 213, 231 (1983), quoting *Brinegar* v. *United States*, 338 U.S. 160, 176 (1949).

The issuing magistrate must employ a "totality-of-the-circumstances" test, namely, to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information," probable cause is shown. *Gates*, 462 U.S. at p. 238.

"The test for probable cause is simply whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States* v. *Padro*, 52 F.3d 120, 123 (6th Cir. 1995), quoting *Gates*, 462 U.S. at p. 238. However, "[s]uch

1  a probability must be 'supported by less than prima facie proof but *more than mere*
2  *suspicion.'" United States* v. *Shamaeizadeh*, 80 F.3d 1131, 1136 (6th Cir. 1996) (italics in
3  orig.), quoting *United States* v. *Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (italics not in
4  orig.).

5       Probable cause does not turn on what law enforcement officers believe, rather,
6  "[c]ourts determine the existence of probable cause." *United States* v. *Roy*, 869 F.2d 1427,
7  1433 (11th Cir. 1989).

8       After revising the Affidavit to excise the information (1) that was illegally seized, (2)
9  that defendant was on probation and (3) regarding Defendant's connection to 2914 Griffith,
10  the newly constituted Affidavit fails to establish that he was residing at the residence. Thus,
11  the Search Warrant should not have issued and the resulting evidence should be suppressed.
12  *United States* v. *Campbell*, 878 F.2d 170, 173 (6th Cir. 1989).

### V.
### CONCLUSION

15       For the above reasons, Defendant requests that a *Franks* hearing be granted, and that
16  the identified information be suppressed.

17  DATED: December 10, 2007         Respectfully submitted:

                                                                            GEOFFREY ROTWEIN
                                                                            Attorney for Defendant
                                                                            ORVELLE ROBINSON