GEOFFREY ROTWEIN (CA SBN 58176)
LAW OFFICES OF GEOFFREY ROTWEIN
400 Montgomery Street, Second Floor
San Francisco, CA 94104
Facsimile: (415) 397-0862
Telephone: (4l5) 397-0860

Attorney for Defendant
ORVELLE ROBINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. C-07-0310 MHP |
|---|---|---|
| Plaintiff, | ) ) | **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO SUPPRESS EVIDENCE UNDER THE FOURTH AMENDMENT** |
| vs. | ) ) ) |  |
| ORVELLE ROBINSON, | ) ) |  |
| Defendant. | ) ) | DATE: January 28, 2008 TIME: 10:00 a.m. CTRM: 15, 18th Floor, Hon. Marilyn Hall Patel |

**DEFENDANT HAS SATISFIED *FRANKS* THRESHOLD**

Defendant has noted in his Reply that Affiant Benzinger and the other officers acted recklessly or in bad faith by representing in the Affidavit that he was on federal probation. Reply, pp. 3-5. On further review of the Affidavit, it appears that Benzinger *did* check Defendant's federal and state criminal history, as shown by his determining Defendant's FBI number, and that he and been convicted of the federal crime of aiding and abetting a bank robbery in 1999 and state narcotics offenses in 1992. See Affidavit, page 1, third paragraph.

Therefore, since Benzinger obviously knew that Defendant was not on federal probation, his misrepresentation in this regard is clear *Franks* error.

**TAINT FROM ILLEGAL SEARCH OF DEFENDANT'S WALLET**

Defendant argues in his Reply that the search at the hospital of his wallet by Officer Luedtke was illegal. Reply, page 5.

1   If this search revealed Defendant's identity, then the illegal seizure of this information taints the further information that the officers gathered based thereon, namely his criminal record, the DMV computer run that disclosed vehicles registered to him and their license plate numbers, the linking of the license plate numbers to 2914 Griffith Street and Officer Aherne observing one of the vehicles parked in front of 2914 Griffith. See Affidavit, page 1. This additional information should also be excised from the Affidavit. *Wong Sun* v. *United States*, 371 U.S. 471 (1963).

The government bears the burden to show that Defendant's identity was learned from a source independent from the illegal search of his wallet, particularly given their belated disclosure that Officer Luedtke searched Defendant's wallet in their Opposition which was filed late on January 10, 2008. See Order filed January 2, 2008, Docket No. 38, which required the government's Response by January 4, 2007 [sic 2008].

### DEFECTIVE AFFIDAVIT IS NOT EXCUSED BY *LEON* GOOD FAITH EXCEPTION

The government argues that if this Court determines that the corrected Affidavit does not set forth adequate probable cause, the search of Defendant's residence nevertheless survives Fourth Amendment challenge because the searching officers acted in good faith under *Leon*. Opp., 13-14.

The government is incorrect, as the law is clear that when an affidavit is corrected by excising information resulting from an illegal search and seizure or because of *Franks* error, the illegality is not cured by the good faith of the officers. *United States* v. *Vasey*, 834 F.2d 782 (9th Cir. 1987).

DATED: January 14, 2008                    Respectfully submitted:

                                                              /s/ Geoffrey Rotwein
                                                              GEOFFREY ROTWEIN
                                                              Attorney for Defendant
                                                              ORVELLE ROBINSON