JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 07-310 MHP |
|     Plaintiff, | MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO SUPPRESS |
| v. | |
| ORVELLE ROBINSON, | |
|     Defendant. | |

## I.    INTRODUCTION

Just as the defendant cannot prevail on his first *Motion to Suppress*, nor can he prevail on his second *Motion to Suppress* which challenges the search of the defendant's wallet and information obtained from that search. The defendant's personal effects were obtained by and searched by San Francisco Police Officer Luedtke after Officer Luedtke saw bullets fall from the defendant's pants. The defendant, a convicted felon, was then subject to arrest under California law as a felon-in-possession of ammunition. The defendant's belongings were properly searched incident to arrest. And, even if the defendant had not been arrested, his personal effects, including his wallet, would have been collected and inventoried by the police. During the course

1  of any inventory, the challenged items would inevitably have been discovered.  Accordingly, this
2  evidence also could have been properly obtained and used under the inevitable discovery
3  doctrine. Accordingly, this Court should deny the defendant's second *Motion to Suppress*.

4  **II.    PROCEDURAL HISTORY**

5  In his *Reply to the Government's Opposition to the Defendant's Motion to Suppress* and
6  at the hearing before the Court on January 28, 2008, the defendant raised a new Fourth
7  Amendment challenge.  Defendant alleged that Officer Luedtke's search of his wallet was a
8  Fourth Amendment violation.  In essence, defendant asserts that in searching the wallet, Officer
9  Luedtke discovered information - albeit mistaken information - that was used to obtain a search
10 warrant of his home.  Specifically, the defendant asserts that as a result of Officer's Luedtke's
11 search of the wallet, Officer Luedtke provided information that the defendant was on federal
12 probation; that information was contained in an affidavit in support of a search warrant for the
13 defendant's home; and finally, as a result of the search warrant, incriminating evidence that is the
14 basis of the pending charges was discovered.

15 On January 28, 2008, the Court ordered the parties to appear for an evidentiary hearing on
16 the Motion to Suppress.  After speaking with the Deputy Clerk, by Stipulation, the parties
17 requested the hearing be set for Friday, March 28, 2008.  Due to the nature of the questions
18 raised in the defendant's Motion to Suppress and events giving rise to the charges at issue in the
19 this case, the United States anticipates testimony from at least ten, and possibly fifteen,
20 witnesses.

21 **III.        STATEMENT OF FACTS**

22 On February 19, 2007, Officer Luedtke was present when the defendant was being treated
23 in the emergency room at San Francisco General Hospital, following a shooting on Gilman
24 Avenue. *Declaration of H.H. George Luedtke III (Luedtke Declaration) (ECF Document 41)*, ¶¶
25 2,3. Officer Luedtke observed bullets fall out of the defendant's pockets onto the hospital
26 gurney. *Id*. at ¶ 3.  After he observed the contraband bullets fall onto the gurney, Officer Luedtke
27 received the defendant's clothing from hospital personnel and searched it.  *Id*.  During his search,
28 he discovered the defendant's wallet and the identification card that is the subject of the

defendant's *Motion*. *Id*. at ¶ 4. As the evidence that will be adduced at the March 28, 2008 evidentiary hearing will show, after the ammunition fell from the defendant's pants onto the table, the defendant was arrested for a violation of California Felon in Possession of Ammunition and his personal belongings were properly searched as a search incident to arrest.

## IV. DISCUSSION

### A. The Search Was A Lawful Search Incident to Arrest

After the defendant was discovered to have ammunition in his possession, he was subject to arrest. Any search of his personal belongings, including his wallet, was a lawful search incident to arrest. A defendant's clothing and personal effects may be properly seized and searched as a lawful search incident to arrest. *United States v. Edwards*, 415 U.S. 800, 804-806 (1974). *See also United States v. Robinson*, 414 U.S. 218, 235 (1973) (admitting heroin found after police arrested the defendant; conducted a pat-down of him; removed a crumpled cigarette package from him and searched it, finding heroin). In *Robinson*, the Court held that:

> A police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick ad hoc judgment which the Fourth Amendment does not require to be broken down in each instance into an analysis of each step in the search. The authority to search the person incident to a lawful custodial arrest, while based on the need to disarm and discover evidence, does not depend on what a court may later decide the probability in a particular arrest situation that weapons or evidence would in fact be found.

*Id.* at 235. The defendant's wallet, as part of his personal belongings, was properly searched in the course of a search incident to arrest.

In this Circuit, the courts have twice held - in facts similar to those in this case - that the search of a wallet following arrest is a lawful act taken as part of a search incident to arrest. In *United States v. Ziller*, the defendant's wallet was inspected after his arrest. The police discovered a slip of paper containing damaging evidence. In ruling on a challenge to the search, the Ninth Circuit held that "in our view, a search of the person which produced the wallet being permissible ..., a search of the contents of the wallet is likewise permissible as being an incident to and a part of a personal search." 623 F.2d 562,562 (9th Cir. 1980). Similarly, in *United States v. Passaro*, after the defendant was arrested, the police detained him and searched his clothing.

1  Inside the wallet, the police found and photocopied a piece of paper detailing chemical ratios for
2  methamphetamine production from his wallet and then returned the wallet to the defendant.
3  *United States v. Passaro*, 624 F.2d 938, 944 (9th Cir. 1980) (*citing United States v. Robinson,* 414
4  U.S. 218, 235 (1973)).  The Court held that the search incident to the defendant's arrest could
5  properly include an "inspection of the contents of his wallet to discover evidence of a crime." Id.
6  at 944 ( "the search here was valid and reasonable and the evidence seized therefore was
7  admissible even though it was unrelated to the crime for which [the defendant] was arrested.").
8         In this case, the police properly searched the wallet as a part of the defendant's personal
9  belongings during the search incident to arrest.  The identification and information was
10 discovered during this permissible search.  The defendant's *Motion* should therefore be denied.
11         B.    The Wallet, and Information Thereon, Would Have Been Inevitably Discovered
12         Alternatively, even if this Court finds that the search of the wallet was not a search
13 incident to arrest, the information obtained from that search can still be lawfully used.  The
14 wallet, along with the defendant's other belongings, were personal belongings of the defendant
15 *and* evidence of a crime that would have been taken into police custody and ultimately
16 discovered during the course of a routine inventory search.  Information, even if unlawfully
17 obtained, can still be used if it would have been inevitably discovered through other lawful
18 means.  *Nix v. Williams*, 467 U.S. 431, 444, 447 (1984) ("if the government can prove that the
19 evidence would have been obtained inevitably . . . there is no rational basis to [exclude it] ....).
20         In circumstances similar to the instant case, the Ninth Circuit has twice held that
21 information that would have been inevitably discovered in the course of a routine inventory
22 search can properly be used under the inevitable discovery doctrine.  In *United States v.*
23 *Mancera-Londono*, federal agents engaged in surveillance observed the defendants placing
24 something in a car and then walking from the car to a hotel.  The agents arrested the defendants
25 and thereafter conducted a warrantless search of the car, finding cocaine.  The defendants
26 challenged the search of the car.  The court held that notwithstanding the warrantless search, the
27 evidence was admissible because it would have been obtained "inevitably" when the police
28 impounded and inventoried the car.  912 F.2d 373, 375 (9th Cir. 1990).  Similarly, in *United*

MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND  MOTION TO SUPPRESS- CR 07-0310 MHP

*States v. Andrade*, the court held that the search of a defendant's garment bag an hour after arrest did not preclude admission of evidence found inside the bag. The court held that the police would have, by all routine procedures, searched the bag in the course of inventorying the bag. As such, the evidence was admissible under the inevitably discovery rule. 784 F.2d 1431, 1433 (9th Cir. 1986). The defendant's wallet, although properly searched incident to arrest, would have been inventoried and searched by the police and the information would have been discovered. Accordingly, this Court should deny the defendant's *Motion to Suppress*.

      C.    <u>The Information Obtained From the Wallet Was Not Necessary to a Finding Of Probation Cause</u>

As set forth in it first *Memorandum in Opposition to the Defendant's Motion to Suppress*, (ECF Document No. 39), the information obtained through this allegedly impermissible search by Officer Luedtke was not even necessary to a finding of probable cause for the search warrant pursuant to which the defendant's house was search. The objectionable statement that is the basis for the defendant's *Franks* Motion is contained in one sentence of Officer Benzinger's three page affidavit. Officer Benzinger stated that

> "Robinson is on federal probation, and is not likely to give his real address to the government, since he is subject to search by his federal probation officer."

*Benzinger Affidavit and Search Warrant*, <u>Exhibit A</u> to *Rotwein Declaration* (ECF Document No. 35) , at ORBN0041. To prevail, the defendant is required to show that "after setting aside any such misstatement ..., there would not be probable cause for the search warrant." *United States v. Jordan*, 291 F.3d 1091, 1100 (9th Cir. 2002). Even if this statement, and those relating to federal probationers are excised from the warrant, probable cause remains that evidence of narcotics and firearms would be located at 2914 Griffith Street. The references to federal probation were not necessary for a finding of probable cause. Accordingly, the defendant's Motion should be denied.

//

//

//

MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO SUPPRESS- CR 07-0310 MHP

5

## V. CONCLUSION

Accordingly, for the reasons set forth above and those to be stated at a hearing on this *Motion*, the defendant's *Motion to Suppress* should be denied.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: February 16, 2008.     _____/s/_____
DENISE MARIE BARTON
Assistant United States Attorney