1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11

12    UNITED STATES OF AMERICA,           )    CR No. 07- 0310 MHP
                                          )
13          Plaintiff,                    )    [PROPOSED] ORDER RE: DEFENDANT'S
                                          )    MOTIONS TO SUPPRESS
14       v.                               )
                                          )
15    ORVELLE ROBINSON,                   )
                                          )
16          Defendant.                    )
                                          )
17    _____    )

18                               **I. INTRODUCTION**

19          On December 10, 2007, the defendant filed a Motion to Suppress seeking to suppress

20    narcotics and baggies found in the defendant's jacket on the 1200 block of Gilman Avenue, San

21    Francisco, California on February 19, 2007 and items seized from 2914 Griffith Street, San

22    Francisco, California following execution of a search warrant at that location on February 22,

23    2007. (*ECF Document No. 36*).  On January 15, 2008, in his Reply to the Government's

24    Opposition to the Motion to Suppress the defendant also sought to suppress the search of the

25    defendant's wallet at the hospital, and information obtained therefrom. (*ECF Document No. 44*).

26    Thereafter, at a hearing before the Court on April 10 and 11, 2008, the defendant moved to

27    suppress the identification obtained from the defendant on Gilman Avenue on February 19, 2008

28    and the contents of defendant's jacket collected as evidence from the 1200 block of Gilman

[PROPOSED] ORDER RE: DEFENDANT'S MOTIONS TO SUPPRESS CR 07-0310 MHP

1  Avenue also on February 19, 2008 .  Now before the Court are the defendant's motions to

2  dismiss all of the above items.

3

4                              **II. FACTUAL FINDINGS**

5        A.    February 19, 2007.

6        On February 19, 2007, San Francisco police officers were dispatched to Gilman Avenue

7  in the Bayview neighborhood of San Francisco, California for a report of shots fired.  After

8  responding to Gilman Avenue, police discovered the defendant, Orvelle Robinson, in the 1200

9  block of Gilman Avenue.  The defendant appeared to have and claimed to have been shot.  To

10 learn the defendant's identity, Officer Festa removed the defendant's California-issued driver's

11 license or identification card[1] from a wallet in the defendant's pants pocket.  This driver's license

12 or identification card is one of the items that the defendant seeks to suppress.

13       Shortly after police discovered the defendant, paramedics arrived and began rendering

14 aid to the defendant.  In giving aid to the defendant, the paramedics removed the defendant's

15 leather jacket and left it in the 1200 block of Gilman Avenue.  The defendant was thereafter

16 transported from Gilman Avenue to the hospital by ambulance.  After the defendant left the 1200

17 block of Gilman Avenue by ambulance, Sergeant Ewins directed Officer Primiano to inspect the

18 defendant's jacket for identification and keys.  In doing so, Officer Primiano discovered the

19 narcotics at issue in the defendant's motions.  The jacket was returned to the ground in the area

20 where the defendant had been.  Crime Scene Investigations Inspectors Shouldice and Evans

21 testified that the defendant's leather jacket constituted evidence at the crime scene and was

22 collected as such.  Before the jacket was collected, it was photographed by Inspector John Evans

23 with several other items collected as evidence from the defendant's jacket, including a large

24 lighter, cigarette rolling papers, and a small bottle of alcohol.  The defendant seeks to suppress

25 all these items – the large lighter, cigarette rolling papers, and small bottle of alcohol.

26

27

28       [1] From the testimony, it was unclear whether the card was a California driver's license or
   identification card.

[PROPOSED] ORDER RE: DEFENDANT'S MOTIONS TO SUPPRESS CR 07-0310 MHP

1    Also on February 19, 2007, at the hospital, while in the room where the defendant was

2 being treated by medical personnel, Officer Luedtke heard a metallic clinking sound and then

3 saw three live rounds of ammunition on the gurney on which the defendant was being treated.

4 Thereafter, Officer Luedtke searched the defendant's belongings, including his pants, which had

5 been given to him by emergency room personnel. Officer Luedtke discovered the defendant's

6 wallet inside the defendant's pants. Inside the wallet, Officer Luedtke discovered a Federal

7 Bureau of Prisons card belonging to the defendant that Officer Luedtke believed indicated that

8 the defendant was on federal probation.

9

10    B.        Search of 2914 Griffith Street.

11    On February 22, 2007, Judge Mary Morgan of the San Francisco Superior Court issued a

12 search warrant authorizing the search of 2914 Griffith Street, San Francisco, CA for, *inter alia*,

13 evidence of narcotics, including firearms and ammunition. During the search of 2914 Griffith

14 Street, the police discovered, *inter alia*, a sawed-off shot gun, that is the subject of Count Four of

15 the Indictment and at issue in the defendant's motions to suppress.

16

17    C.        San Francisco Police Inventory Practices

18    At a hearing before this Court on April 10 and April 11, 2008, San Francisco Inspectors

19 Shouldice and Evans, Sergeant Ewins, and Officer Luedtke all testified that it was common

20 practice and procedure to inspect any evidence seized at the scene of the crime and inventory the

21 contents of such items. These witnesses testified that clothing items with pockets would be

22 inspected and inventoried in this manner.

23

24                        **III. LEGAL ANALYSIS**

25 A    Franks Motion.

26    The Supreme Court's decision in *Franks v. Delaware* established a two-prong test for

27 challenging the sufficiency of a warrant affidavit. 438 U.S. 154,155-56 (1978). The Ninth

28

1  Circuit has broken these prongs out into five requirements that must be satisfied before a *Franks*

2  hearing is warranted:

3        (1) the defendant must allege specifically which
         portions of the warrant affidavit are claimed to be false;

4

5        (2) the defendant must contend that the false statements
         or omissions were deliberately or recklessly made;

6        (3) a detailed offer of proof, including affidavits, must
         accompany the allegations;

7

8        (4) the veracity of only the affiant must be challenged;

9        (5) the challenged statements must be necessary to find probable cause.

10  *United States v. Perdomo*, 800 F.2d 916, 920 (9th Cir. 1986) (citing *United States v. Dicesare*,

11  765 F.2d 890, 895 (9th Cir. 1985); *United States v. Jordan*, 291 F.3d 1091, 1100 (9th Cir. 2002)

12  (defendant must show that "after setting aside any such misstatement ..., there would not be

13  probable cause for the search warrant").

14      In support of his *Franks* motion, the defendant claims that the statement that the

15  defendant was on federal probation in the Affidavit of Officer Benzinger in support of a search

16  warrant for 2914 Griffith Street, San Francisco, CA was false.  In its Memorandum in

17  Opposition, the United States acknowledges that the defendant was not, at the time of the search

18  warrant, on federal probation.  However, the defendant has not provided any offer of proof – as

19  is required by *Franks* – that this information was, or should have been, known to Officer

20  Benzinger at the time he applied for the warrant.  The defendant must show by affidavit or other

21  offer of proof that the statement regarding federal probation made by Officer Benzinger about

22  the defendant was "deliberately or recklessly made."  *See United States v. Chavez-Miranda*, 306

23  F.3d 973, 979 (9th Cir. 2002).  Further, even if the challenged statement, and those relating to

24  federal probationers are excised from the warrant, probable cause remains that evidence of

25  narcotics and firearms would be located at 2914 Griffith Street because the references to federal

26  probation were not necessary for a finding of probable cause.

27  //

28  //

[PROPOSED] ORDER RE: DEFENDANT'S MOTIONS TO SUPPRESS CR 07-0310 MHP

1    B.    Inevitable Discovery

2    Information, even if unlawfully obtained, will still be admissible if it would have

3    inevitably been discovered through other lawful means. *Nix v. Williams*, 467 U.S. 431, 444, 447

4    (1984).   The Ninth Circuit has previously held that information that would have inevitably been

5    discovered in the course of a routine inventory search should not be suppressed and can be

6    properly admitted under the inevitable discovery doctrine. *United States v. Mancera-Londono*,

7    912 F.2d 373, 375 (9th Cir. 1990) (notwithstanding warrantless search of a car, the evidence

8    would have inevitably been dsicovered upon impoundment and inventorying of the car); *United*

9    *States v. Andrade*, 784 F.2d 1431, 1433 (9th Cir. 1986) (evidence discovered from the

10    defendant's garment bag, which was searched an hour after arrest, would have been discovered

11    during the course of a routine inventory search and was therefore admissible).

12    Police are entitled, and in fact should be encouraged, to inventory lawfully detained

13    property to protect against loss or claims of theft. *South Dakota v. Opperman*, 428 U.S. 364,

14    383-384 (1976) (upholding a warrantless inventory search of an automobile); *United States v.*

15    *Penn*, 233 F.3d 1111(9th Cir. 2000)(upholding the warrantless search of an automobile and

16    contents as a valid inventory search).   Inventory searches are considered to be reasonable

17    warrantless searches because "[k]nowledge of the precise nature of the property help[s] guard

18    against claims of theft, vandalism, or negligence." *Colorado v. Bertine*, 479 U.S. 367, 373

19    (1987) (upholding a warrantless search of a backpack inside an impounded vehicle in which

20    police found narcotics)

21    Without addressing or ruling on the propriety of the actions by which the police

22    discovered the defendant's driver's license or identification card; the narcotics and other items

23    photographed with the defendant's jacket; and the Federal Bureau of Prisons Card obtained from

24    //

25    //

26    //

27    //

28

[PROPOSED] ORDER RE: DEFENDANT'S MOTIONS TO SUPPRESS CR 07-0310 MHP

1    the defendant's wallet at the hospital, each of the contested items would have been lawfully

2    discovered in the course of a routine inventory search and are therefore all admissible.

3

4                                          **V. CONCLUSION**

5        For the foregoing reasons, and those stated on April 11, 2008, this Court denies the

6    defendant's motions to suppress in all respects.

7

8

9        SO ORDERED.

10

11

12
     DATED:_____
13                                          _____
                                            HONORABLE MARILYN H. PATEL
                                            United States District Court Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28