JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> ORVELLE ROBINSON, <br>     Defendant. | CR No. 07-0310 MHP <br><br> SENTENCING MEMORANDUM <br><br> Sentencing Date: September 8, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 18th Floor, Courtroom 15[1] |

---

[1] The United States recognizes that this Sentencing Memorandum is filed late and not in compliance with Local Crim. Rule 32-5(b). Due to other business matters and business travel, the United States was unable to file a timely Memorandum. The prosecutor apologizes to the Court and defendant for this late filing and any resulting inconvenience. This United States will present its argument for sentencing at the Sentencing Hearing; this Memorandum is filed to preserve the arguments to be made at sentencing for any appeal.

SENTENCING MEMORANDUM, 07-0310 MHP                               1

The United States and the defendant negotiated a Plea Agreement pursuant to Rule 11(c)(1)(A) and (B) and agreed that a "reasonable and appropriate disposition of the case" was a sentence of 130 months and that under the Sentencing Guidelines, the Career Offender Guideline applied to this defendant and the Adjusted Offense Level was Level 26. *See Plea Agreement, ¶¶ 7,8, ECF Docket No. 61*. As the United States Probation Officer prepared the Presentence Report and obtained more complete information regarding the defendant's release date on an otherwise Career Offender qualifying conviction, the guideline calculations agreed to be the parties were shown to be in error. Notwithstanding the error in guideline calculations in the Plea Agreement, the United States maintains that the agreed-upon sentence of 130 months is still the appropriate sentence for defendant and urges this Court to impose this term of incarceration to be followed by a six year term of supervised release.

## FACTUAL BACKGROUND

On February 19, 2007, the defendant, a many-time convicted felon who had only recently been released from a three year term of supervised release, was involved in a shooting in the Bayview neighborhood of San Francisco. *PSR,* ¶¶ 6, 12, 54. John Donaldson, an associate of the defendant's who had been seated with him in a parked car, was shot and killed during this incident. *PSR,* ¶¶ 6, 9. Although the defendant sustained gun shot wounds on this date, he was not an innocent bystander.

After he and Mr. Donaldson were shot, rather than remain in the car until help arrived or enter Mr. Donaldson's residence, in front of which they were parked, in search of aid, the defendant walked away from the scene of the shooting and hid a fully loaded Smith and Wesson .357 caliber revolver as he walked away. This fully loaded firearm was confirmed to be the defendant's based on DNA blood evidence. In addition, the six bullets in this firearm precisely matched the caliber of bullets that were found in the defendant's pockets and to which the defendant has admitted possessing. *PSR ¶¶ 8, 10; Plea Agreement,* ¶ 2.

At the hospital, medical personnel found three Federal .38 Special ammunition in the defendant's pants pockets, *PSR ¶ 8*, and police found 13 grams of powder, methadone, and marijuana in the defendant's jacket. *PSR ¶¶ 7*. And, at the defendant's house, only a short distance from the shooting, the defendant had a a .410 caliber sawed-off shotgun and two .410 caliber shotgun rounds. *PSR ¶ 11*.

## ARGUMENT

In determining the appropriate sentence in a criminal case, the Court must begin by determining the applicable Guidelines range. The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 128 S. Ct. 558, 574 (quoting *United States v. Gall*, 128 S. Ct. 586, 596), and are to be kept in mind throughout the process, *Gall*, 128 S.Ct. at 596-97 n. 6. Thereafter, the court must evaluate the sentence for substantive reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *United States v. Carty, 520 F.3d 984,* at *8 (9th Cir. 2008) (en banc). The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *Id.*; *see also 18 U.S.C. § 3553(a) and (a)(2)*.

    A.    <u>Statutory Range</u>

The defendant has pled guilty to Counts One, Two, and Four of the Indictment. Courts One and Four provide for a statutory maximum sentence of 10 years incarceration and a term of supervised release of two to three years. Count Two provide for a statutory maximum of 20 years incarceration and a term of supervised release of at least three years.

    B.    <u>Guidelines Range</u>.

The Presentence Report provides that the Adjusted Offense Level is 23; the

1  Criminal History Category is II; and the resulting Guideline Range under the Sentencing
2  Guidelines is 51 to 63 months. *PSR ¶¶ 46, 55, Sentencing Recommendation, p. 1.*

      C.    <u>The Error in Guideline Calculations By the Parties Does Not Change The Appropriateness of the Agreed-Upon 130 Month Sentence</u>

5  What is now clear is that the parties erred in determining the applicable Guideline
6  calculations. In arriving at the recommended sentence of 130 months, the parties
7  recommended a sentence of incarceration - 130 months - that fell within what they
8  believed to be the applicable Guideline range. Even with this error in Guideline
9  calculation, a sentence of 130 months is the appropriate sentence for the defendant.
10  This Court can and should arrive at this sentence whether applying an upward
11  departure, as suggested by the Probation officer, *see PSR ¶* 127, or after consideration of
12  the factors under Title 18, United States Code, section 3553(a) in the manner set forth
13  below. Because the defendant was released 15 years and 5 days before the instant offense
14  from the sentence on his 1991 Controlled Substance Offense, that offense is not a
15  qualifying Career Offender offense. If the defendant had been released 5 days later than
16  he was, this offense would be a qualifying offense for the Career Offender Guideline.
17  This Court should not permit this fortuity in release dates result in a guideline sentence
18  that would be nearly one half of the defendant's prior federal sentence, one that clearly
19  did not deter him from criminal conduct.

      D.    <u>Consideration and Applicability of the Factors Under 18 U.S.C. § 3553(a)</u>

21  A sentence of 130 months followed by 6 years of supervised release is "sufficient,
22  but not greater than necessary" to effect the purposes of sentencing and afford both
23  parties the benefit of the negotiated plea agreement. <u>See</u> 18 U.S.C. § 3553(a). In making
24  its recommendation, the United States urges this Court to recognize that the defendant is
25  recidivist, violent offender who has been unable to refrain from obtaining and possessing
26  firearms and controlled substances notwithstanding increasingly significant terms of
27  incarceration. With respect to the recommended 6 year of supervised release, this Court
28  should consider that during his most recent term of supervision, the defendant apparently

SENTENCING MEMORANDUM, 07-0310 MHP      4

did not re-offend. Perhaps this lack of criminal conduct was due to the fact that he was monitored and in continued contact with the Probation Department. The United States suggests that a term of 6 years supervised release would be appropriate and serve as a means not only to deter the defendant from further crimes upon his release, but also to assist in his reentry into society. The United States suggests that the recommended sentence is the only appropriate sentence to recognize the danger and violence that this defendant has presented to his community and assure the safety of the community upon his release.

        1.    *The Nature and Circumstance of the Offense and History and Characteristics of the Defendant*

Within three months of the termination of his federal supervised release term, the defendant knowingly disregarded the laws that prohibited him from possessing any firearms and ammunition and sought out and procured not just a single gun but numerous rounds of Federal .38 Special ammunition, a .410 caliber sawed-off shotgun, two .410 caliber shotgun rounds, *and* a Smith and Wesson .357 caliber revolver. *See PSR,* ¶¶ 7, 8, 10. In addition, in blatant disregard of the controlled substance laws of which he is very familiar due to his numerous convictions, the defendant also sought out and procured 13 grams of powder cocaine, methadone, and marijuana. *See PSR,* ¶¶ 7, 8, 10. The defendant's conduct in the instant offense, just like the crimes for which he has previously been convicted, is criminal, dangerous, violent, and puts not only him, but his community at significant risk of harm.

The defendant's criminal history is one of continuous drug, firearm-related, and violent offenses. Beginning in 1989, the defendant has been convicted twice for offenses involving firearms, *see PSR,* ¶¶ 50 (in 1990), 54 (in 1996), and has been arrested on two other occasions for conduct involving firearms. *See PSR,* ¶¶ 62 (in 1989), 63 (in 1992). In connection with controlled substance offenses, the defendant has been convicted twice, *see PSR,* ¶¶ 51 (in 1991), 53 (in 1995) and has been arrested three times. *See PSR,* ¶¶ 58 (in 1989), 63 (in 1992), and 60 (in 1993). Even during his most recent prison sentence

1  from 1996 until 2003, the defendant had a history of criminal activity and failure to obey
2  authority - possession of drugs and other unauthorized items, drug use, threats, and
3  insolence towards staff members.  *PSR*, ¶ 54.
4      The defendant's personal history does not mitigate his conduct in this case in any
5  respect.  Although raised in a family with the support of his mother and having, by his
6  own admission, excelled in high school, the defendant chose a live of crime.  *See PSR*, ¶¶
7  73, 74.  Furthermore, even the defendant's 2003 marriage and recent adoption of a child
8  who, according to the defendant, he "loves him more than anybody,"has not stopped the
9  defendant from serious criminal activity.  *See PSR*, ¶ 77.  Notably, in November 2006, his
10 supervised release following his 97 month federal sentence was terminated early.  *See*
11 *PSR*, ¶ *54*.  However, notwithstanding the positive influences of his family, three
12 months after his supervised release was terminated, the defendant engaged in more
13 criminal conduct that led to this case.
14             2.    *The Need for the Sentence Imposed to Reflect the Seriousness of the*
15                   *Offense, Promote Respect for the Law, and to Provide Just*
16                   *Punishment*
17     This crime is not one in which the defendant possessed a single firearm or a small
18 amount of controlled substances.  Although those acts alone would be serious, in this
19 crime, the defendant amassed numerous firearms, ammunition, and controlled substances.
20 He had this contraband in his possession at the time of a deadly shooting in a San
21 Francisco neighborhood plagued with violent crime.  Furthermore, he purposefully
22 obtained this dangerous contraband after numerous convictions for similar offenses, and
23 only months after being released from a term of federal supervised release.  What is clear
24 is that the defendant has historically shown no respect for the law and has continued to
25 engage in violent and dangerous conduct.
26 //
27 //
28 //

   3. *The Need for the Sentence Imposed to Afford Adequate Deterrence From Further Crimes of the Defendant*

Notwithstanding three lengthy sentences of incarceration, the most recent a 97 month federal sentence for Armed Bank Robbery, the defendant has not been deterred from obtaining and possessing firearms and ammunition and continuing to commit crimes. Given that a 97 month sentence did not deter the defendant from engaging in violent criminal conduct, this Court should sentence the defendant to the agreed-upon 130 months sentence, a significant term of incarceration in excess of his prior 97 month sentence. To sentence the defendant to anything less than or even equal to 97 months, would disregard his failure to be deterred to by his prior sentences of incarceration and send a message to this defendant and others that defendants will not be penalized for repeated criminal conduct.

**CONCLUSION**

The United States submits that under either analysis, this Court should impose a sentence of 130 months, followed by a term of 6 years supervised release on Count 2 and sentence of 120 months, followed by a term of 3 years supervised release on Counts One and Four, to be run concurrent to Count Two.

DATED: September 7, 2008   Respectfully submitted,

            JOSEPH P. RUSSONIELLO
            United States Attorney

            _____/s/_____
            DENISE MARIE BARTON
            Assistant United States Attorney